
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| Kenneth Alan May, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 6:23-cv-00271-LSC |
| | ) | |
| City of Carbon Hill, Alabama, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF OPINION

Kenneth Alan May ("May") brings this action against the City of Carbon Hill ("the City"). He asserts the following claims: 1) breach of contract; 2) deprivation of the Fourteenth Amendment right to procedural due process; 3) negligence; and 4) wrongful termination. The City moves to dismiss all claims. For the following reasons, the procedural due process claim—the only claim over which this Court has original jurisdiction—is due to be dismissed. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and will remand these claims to the Circuit Court of Walker County. *See* 28 U.S.C. § 1367(c)(3).

## I. BACKGROUND[1]

May worked for the City as a street superintendent. (Doc. 13 at 2.) In the lead-up to the 2020 municipal election, he "conspicuously failed to openly support the candidacy of certain successful candidates for election to the City Council." (*Id.*) A few months after the new councilmembers took office, the City ended May's employment. (*Id.*)

May alleges that, in violation of his right to procedural due process, the City never offered an explanation for his termination or provided any procedural protections. (*See id.*) Specifically, he claims that the City did not follow "the procedures and rights guaranteed to him" by "Article VIII, § 5, of the City of Carbon Hill Personnel Rules and Regulations." (*See id.* at 3–8.) These procedures include, *inter alia*, written notice and a determination hearing. (Doc. 17-1 at 27–30.) The City, however,

---

[1] In evaluating a motion to dismiss, this Court "draw[s] the facts from the allegations in the complaint, which [it] accept[s] as true and construe[s] in the light most favorable to the plaintiffs." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1271 n.4 (11th Cir. 2012). The Court makes no ruling on the veracity of any facts. In reaching its decision, the Court may properly consider the City's 2005 regulations because May refers to them in his complaint, the regulations are central to his claim, their contents are not in dispute, and the City has attached the regulations to its motion to dismiss. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Because May disputes the authenticity of the 2015 regulations, the Court does not consider them.

emphasizes Section 2 of Article VIII: "An employee . . . may be dismissed, demoted, suspended, or reprimanded for cause or for any reason deemed to be in the City's best interest." (*Id.* at 24–25.)

May originally filed suit in the Circuit Court of Walker County, alleging a violation of his First and Fourteenth Amendment rights (substantive due process, procedural due process, equal protection, freedom of association) as well as breach of contract and negligence. (Doc. 1.) Invoking this Court's federal question jurisdiction over the constitutional claims and its supplemental jurisdiction over the state law claims, the City filed a timely notice of removal. (*See id.*) In a subsequent amended complaint, May dropped all federal claims except the procedural due process claim (Count II) and added a claim (Count IV) for wrongful termination under state law. (Doc. 13.) The City now moves to dismiss all claims (Counts I-IV) in the amended complaint. (Doc. 17.)

## II. STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to

relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific

task that requires [this Court] to draw on its judicial experience and common sense." *Id*. If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. DISCUSSION

### A. Procedural Due Process

"The Fourteenth Amendment protects two types of due process: substantive and procedural due process." *Am. Fed'n of Labor*, 637 F.3d at 1185. Procedural due process—the one at issue here—is "meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978). In the Eleventh Circuit, "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

For his procedural due process claim to succeed, May must have had "a property interest in continued employment with" the City. *See Green v. City of Hamilton, Hous. Auth.*, 937 F.2d 1561, 1563 (11th Cir. 1991). Such a property interest "may be based on, among other things, a contract" or a statute. *See id.* "For purposes of establishing a property right in continued employment under Alabama law, the crucial question is whether the employment is terminable by the employer 'at will' or whether the employer's discretion to discharge the employee is somehow fettered." *Id.* at 1564.

"In Alabama, an employment relationship is ordinarily 'at will,' and the fundamental principle of employment at will is that the employment relationship is terminable by either party at any time and for any reason." *Ex parte Michelin N.A., Inc.*, 795 So. 2d 674, 677 (Ala. 2001). "[E]mployees in Alabama bear a heavy burden of proof to establish that an employment relationship is other than 'at will.'" *Howard v. Wolff Broad. Corp.*, 611 So. 2d 307, 310–11 (Ala. 1992).

May argues that the City's regulations created a property interest in continued employment. The City's regulations state that an employee "may be dismissed, demoted, suspended, or reprimanded for cause or for

any reason deemed to be in the City's best interest." (Doc. 17-1 at 24–25.) The Court interprets this phrase to mean what it says: the City retained full discretion to discharge employees for any reason.

Crucially, the word "or" is a disjunctive and usually "indicates alternatives and requires that those alternatives be treated separately." *Quindlen v. Prudential Ins. Co. of Am.*, 482 F.2d 876, 878 (5th Cir. 1973); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 116 (2012) ("Under the conjunctive/disjunctive canon, . . . *or* creates alternatives."). Accordingly, this Court construes the phrase "for any reason deemed to be in the City's best interests" to have a different meaning than the phrase "for cause."

Given this distinction, the City clearly had the discretion to terminate May for cause or without cause. Otherwise, "for any reason" would be rendered superfluous. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("In construing a statute we are obliged to give effect, if possible, to every word."). Because the City retained the power to discharge May without cause, he did not have a property interest in continued employment. *Cf. Mountain v. Collins*, 430 So. 2d 430, 433 (Ala.

1983) ("[A] public employee whose duties are terminable at will has no property interest in continued employment.").

Granted, the City allegedly failed to abide by the numerous procedures contained in Article VIII, Section 5, of the regulations. "But it is on the substantive restrictions on the employer's discretion to discharge, rather than on the procedural protections provided, that the existence of a property interest is based." *Green*, 937 F.2d at 1565 n.2. Notwithstanding the procedures contained in Article VIII, Section 5, the "for any reason" language makes clear that the City can fire its employees without cause. Thus, May's procedural due process claim fails for lack of a protected property interest.[2]

## B. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." This decision is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The federal procedural due process claim (Count II)—which is due

---

[2] May does not argue that a protected property interest could have arisen from a source other than the 2005 regulations.

to be dismissed—is the only claim over which this Court has original jurisdiction. In the interests of comity and fairness, this Court therefore declines to consider the merits of May's state law claims (Counts I, III, & IV). *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

## IV. CONCLUSION

For the foregoing reasons, the procedural due process claim is due to be dismissed. The Court declines to exercise supplemental jurisdiction over the remaining claims and remands these claims to the Circuit Court of Walker County. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** and **ORDERED** on June 9, 2023.

L. Scott Coogler
United States District Judge
211211